IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 11 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JANE McMILLAN, | |
| Plaintiff, | CIVIL ACTION FILE |
| vs. | NO. 1:04-CV-3039-BBM |
| DEKALB COUNTY, GEORGIA, AND MARILYN BOYD DREW, IN HER INDIVIDUAL CAPACITY, | |
| Defendants. | |

## CONSENT JUDGMENT

This case was scheduled for trial to begin October 22, 2007. The parties have reached a settlement based in material part on their acknowledgment that, had Plaintiff Jane McMillan ("McMillan") made known to Defendant Marilyn Boyd Drew ("Drew") certain facts regarding the alleged basis for McMillan's termination, she would not have been terminated. Drew has contended that she terminated McMillan for approving a pay rate increase for an employee under her supervision. In discovery, it was learned that McMillan's supervisor had informed McMillan that the pay raise for the employee had been approved. The parties now agree that McMillan was justified in relying upon her supervisor's representations that the pay increase had been approved.

The parties further agree that, had Drew been made aware of this critical fact at the time, she would not have terminated McMillan. Inherent in this

1

understanding between the parties is the fact that McMillan should not have been terminated, that the termination was not racially motivated, and that Drew made the decision without knowing the true facts. To remediate this erroneous personnel decision, the County is hereby ordered to reinstate McMillan to her former position effective November 1, 2007, retroactive to her date of termination. The reinstatement will be affected in a manner to insure that McMillan does not have any break in service.

The reinstatement will necessitate the recalculation of McMillan's pension benefits since McMillan's retroactive reinstatement will result in three (3) years and five (5) months in additional service and pay credit beginning on the date of her termination through November 2, 2007, when McMillan will resign her position and retire. This credit will result in an annual increase from her current pension of $2,461.00 per year, for an annual pension in the amount of $57,239.44.

The parties further agree that any future adjustments to McMillan's pension, including COLA or other authorized increases, shall be made in accordance with the terms of the DeKalb County Pension Plan. This Order in no way modifies the terms of the pension plan.

McMillan will receive full backpay for the period of reinstatement, less those pension payments she received during the period of termination, which amount is set forth in the Settlement Agreement ("Agreement"). All other terms of

settlement are outside the scope of this Consent Judgment and are set forth in the Agreement.

IT IS THEREFORE ORDERED that this Judgment be entered as the final order in the case and that the case be closed with the complaint dismissed with prejudice.

SO ORDERED this 11th day of October, 2007.

_____
BEVERLY B. MARTIN, JUDGE
UNITED STATES DISTRICT COURT

3

CONSENTED TO:

_____
A. Lee Parks
Georgia Bar No. 563750
Andrew Y. Coffman
Georgia Bar No. 173115

PARKS, CHESIN & WALBERT, PC
75 Fourteenth Street, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 873-8000
Facsimile:  (404) 873-8050

*Attorneys for Plaintiff*

CONSENTED TO:

_____
Robert B. Remar
Georgia Bar No. 600575
ROGERS & HARDIN, LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, Suite 2700
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile:  (404) 525-2224

Sam L. Brannen, Jr.
Georgia Bar No. 077301
Senior Assistant County Attorney
DeKalb County Law Department
1300 Commerce Drive
Decatur, GA 30030
Telephone:  (404) 371-3011

*Attorney for Defendants*